NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEMMA RISER, | No. 23-35502 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05238-LK |
| v. | |
| CENTRAL PORTFOLIO CONTROL, INC., a Minnesota Corporation and Collection Agency; TRANS UNION, LLC, a Delaware Limited Liability Company, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Argued and Submitted October 25, 2024
Portland, Oregon

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Gemma Riser appeals the district court's orders granting judgment on the pleadings for Trans Union and summary judgment for Central Portfolio. Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo a district court's order granting a motion for judgment on the pleadings, *Parker v. Cnty. of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023), and summary judgment, *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc). We affirm the order granting judgment on the pleadings for Trans Union, but we vacate and remand the summary judgment order for Central Portfolio.

As the parties know the facts at issue in this case, we do not restate them here.

1. Riser fails to state a claim against Trans Union. She argues Trans Union's inclusion of the $2,790.37 debt on her credit report violated sections 1681(e) and 1681(i) of the Fair Credit Reporting Act (FCRA). We disagree. We have recognized that credit reporting agencies like Trans Union have a more limited duty to investigate the validity of a debt. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2009); *see also Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022). We thus have held that a plaintiff must make a prima facie case showing that the inaccuracy in the agency's credit reporting does not result from an available legal defense to the reported debt. *See id.* at 1251. Here, Riser's pleadings demonstrate she has not made that required showing. She argues that

Trans Union's credit reporting contained an inaccuracy because various Washington state laws absolved her of the $2,790.37 debt. The claim that state law absolves Riser of the debt necessarily raises a legal defense, which Trans Union is not required to resolve. *See Carvalho*, 629 F.3d at 892 ("[D]etermining whether the consumer has a valid defense 'is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA.'") (internal citation omitted). The district court thus correctly dismissed her FCRA claim against Trans Union.

2. Genuine issues of material fact surrounding Riser's liability for the debt preclude summary judgment of her claims against Central Portfolio. The district court correctly stated that Riser's Fair Debt Collection Practices Act (FDCPA), Washington Consumer Protection Act (WCPA), and Washington tort of outrage claims all fail if Riser personally owed the $2,790.37 debt. Riser argues that she did not owe the debt because Washington law generally forbids a healthcare provider from directly billing a Medicaid client for covered services even if the provider has not received payment from the federal government. Wash. Admin. Code 182-502-0160(4). But a healthcare provider can directly bill a Medicaid client who "refuse[s] to complete and sign insurance forms, billing documents, or other forms necessary for the provider to bill the third party insurance carrier for the service." Wash. Admin. Code 182-502-0160(6)(a)(ii); *see also* Wash. Admin. Code 182-501-

3

0200(9)(b).

We hold that factual questions remain regarding whether Riser personally owed a debt to the hospital. Central Portfolio argues that the hospital could have directly billed her because she refused to provide accurate information to process her claim (*e.g.*, date of birth, third-party insurance availability, accurate contact information). The record, however, is unclear with respect to who is at fault for the lack of accurate information that allegedly led to the denial of Riser's claims.

The district court thus erred in granting Central Portfolio's motion for summary judgment against Riser's FDCPA claim. And because we vacate and remand summary judgment of the FDCPA claim, the district court must address the viability of the state law claims. We remand them for the district to consider, including, but not limited to, whether the FCRA preempts Riser's state law claims.

We **VACATE** and **REMAND** the district court's order granting summary judgment in Central Portfolio's favor. We **AFFIRM** in all other respects. The parties shall bear their own costs of this appeal.